IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 21 - |
| v. | : | DATE FILED: April 13, 2021 |
| MICHAEL KENNEDY | : | VIOLATIONS: 18 U.S.C. § 1001(a)(2) (false statements to government officials – 6 counts) 18 U.S.C. § 1512(b)(3) (obstruction of justice – 1 count) 18 U.S.C. § 371 (conspiracy to make a false statement – 1 count) |

## INDICTMENT

### COUNT ONE
(False Statement)

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

**Relevant Entity and Persons**

1. The Narcotics Field Unit was a division of the Narcotics Bureau of the Philadelphia Police Department. The Narcotics Field Unit was created by the Philadelphia Police Department to support its overall drug enforcement mission, that is, to identify, disrupt, deter, and apprehend persons and organizations involved in drug trafficking and drug-related violence throughout Philadelphia. According to the mission, the Narcotics Field Unit was designed to focus primarily on illegal narcotic sales and related drug activities that occurred inside residences or other buildings located throughout the City of Philadelphia. The Narcotics Field Unit used undercover operations that included controlled purchases or "buys" of narcotics and the

execution of search warrants, to develop evidence of drug activity taking place inside residences and buildings.

2. Defendant MICHAEL KENNEDY was employed as a police officer with the Philadelphia Police Department and assigned the rank of Police Sergeant. He was assigned to the Narcotics Field Unit.

3. Police Officer No. 1, known to the grand jury, was employed as a police officer by the Philadelphia Police Department and was assigned to the Narcotics Field Unit.

### Execution of Search Warrant

4. From in or about September 2016 through October 2016, officers from the Narcotics Field Unit investigated at least one man selling narcotics from an apartment on Collins Street, Philadelphia, Pennsylvania (the "Collins Street Apartment"). On three occasions, officers conducted "controlled buys" of narcotics using pre-recorded "buy money."

5. On or about October 12, 2016, the Philadelphia District Attorney's Office approved an application for a search warrant for the Collins Street Apartment.

6. On or about October 13, 2016, a neutral magistrate authorized a search warrant to search and seize controlled substances, firearms, cash, and other related evidence from the Collins Street Apartment.

7. Later that day, defendant MICHAEL KENNEDY, along with Police Officer No. 1 and other officers from the Narcotics Field Unit and the 24th Police District, executed the search on the Collins Street Apartment. Two men inside the Collins Street Apartment were arrested.

8. During the execution of the search warrant, defendant MICHAEL

KENNEDY searched, among other areas, Room No. 2 in the Collins Street Apartment, which was the second bedroom furthest from the Collins Street Apartment front entrance. In Room No. 2, there were three bundles of cash on the nightstand adjacent to the bed, along with a firearm.

9. While in Room No. 2, and when no other police officer was present, defendant MICHAEL KENNEDY grabbed one of the three bundles of cash on the nightstand and placed it in his clothing pocket. Defendant KENNEDY left the two other bundles of cash on the nightstand.

10. Defendant MICHAEL KENNEDY informed other officers of the two remaining bundles of cash in Room No. 2 and assisted in submitting those two bundles of cash into the evidence inventory, that is, placing the items in a properly labelled evidence container and ensuring that the evidence was appropriately recorded. However, defendant KENNEDY never informed other officers of the one bundle of cash that he placed in his clothing pocket.

11. While defendant MICHAEL KENNEDY was searching Room No. 2, Police Officer No 1. searched Room No. 1, which was the other bedroom in the Collins Street Apartment. Police Officer No. 1 never entered Room No. 2 and did not observe the activities of defendant KENNEDY therein.

12. Unbeknownst to the officers at the time, there were hidden video cameras located in various rooms of the Collins Street Apartment, which recorded the movements of the officers during the execution of the search warrant, including defendant MICHAEL KENNEDY's movement of placing one bundle of cash in his clothing pocket. The video cameras had been installed by one of the men who sold drugs from the Collins Street Apartment.

13. Approximately seven months later, on or about May 11, 2017, defendant

MICHAEL KENNEDY and Police Officer No. 1 learned of a post on social media that stated: "Philly PD Narcotics Field Unit Cop caught on nanny cam taking [money] . . . ."

### FBI Interview of Defendant MICHAEL KENNEDY and False Statements

14. The Federal Bureau of Investigation (FBI) investigated reports that a Philadelphia Narcotics Field Unit officer had stolen evidence, that is, cash proceeds of drug trafficking, during the execution of a search warrant on October 13, 2016.

15. On or about July 5, 2017, a Special Agent of the FBI, along with a Task Force Officer assigned to the FBI, interviewed defendant MICHAEL KENNEDY.

16. Knowing that he had been caught on video during the execution of the search warrant, defendant MICHAEL KENNEDY admitted to the FBI investigators that he placed cash in his clothing pocket, but claimed that he submitted the cash from his clothing pocket into the evidence inventory.

17. During that interview, defendant MICHAEL KENNEDY made the following false statements to the FBI:

    a. Defendant KENNEDY falsely claimed that Police Officer No. 1 was in Room No. 2 with him and that he had followed Police Officer No. 1 into Room No. 2;

    b. Defendant KENNEDY falsely claimed that Police Officer No. 1 informed him of cash on the bed in Room No. 2 and to "grab it;"

    c. Defendant KENNEDY falsely claimed that Police Officer No. 1 took twenty-dollar bills from Room No. 2;

    d. Defendant KENNEDY falsely claimed that he handed cash, a "couple

    of twenties" or otherwise, to Police Officer No. 1 to take to the common area;

  e. Defendant KENNEDY falsely claimed that Police Officer No. 1 gave defendant KENNEDY the recovered "buy money at that time;" and

  f. Defendant KENNEDY falsely claimed that he put the money from his clothing pocket "on the main table" where the evidence was being collected in the common area.

### FBI Interview of Police Officer No. 1

18. On or about August 2, 2017, Police Officer No. 1 was interviewed by the same investigators from the FBI who had interviewed defendant MICHAEL KENNEDY.

19. To back up what defendant MICHAEL KENNEDY told the FBI, Police Officer No. 1 falsely stated that he observed defendant KENNEDY remove the cash from his clothing pocket and submit it into the evidence inventory. In fact, the truth was that Police Officer No. 1 never observed defendant KENNEDY remove the cash from his clothing pocket and never saw him submit it into the evidence inventory.

20. In the FBI's investigation, it was a material matter whether any witness observed the actions of defendant MICHAEL KENNEDY in Room No. 2 and with the evidence during the search on or about October 13, 2016.

21. On or about July 5, 2017, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MICHAEL KENNEDY,**

in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency of the

5

executive branch of the United States, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, that is, he stated during an interview with an agent of the FBI that Police Officer No. 1 went into Room No. 2, and defendant KENNEDY followed thereafter, knowing such statement to be false, when as defendant KENNEDY then knew, Police Officer No. 1 never entered Room No. 2.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWO
## (False Statement)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 20 of Count One are incorporated here.

2. In the FBI's investigation, it was a material matter whether any person was present with defendant MICHAEL KENNEDY in Room No. 2 during the search on or about October 13, 2016.

3. On or about July 5, 2017, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MICHAEL KENNEDY,**

in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency of the executive branch of the United States, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, that is, he stated during an interview with an agent of the FBI that Police Officer No. 1 told defendant KENNEDY that there was cash on the bed in Room No. 2 and to "grab" the cash, knowing such statement to be false, when as defendant KENNEDY then knew, Police Officer No. 1 was never present with defendant KENNEDY in Room No. 2, and therefore Police Officer No. 1 never observed cash on the bed in Room No. 2 and did not direct defendant KENNEDY to "grab" it.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT THREE
## (False Statement)

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 1 through 20 of Count One are incorporated here.

    2.    In the FBI's investigation, it was a material matter to determine who seized any cash in Room No. 2 during the search on or about October 13, 2016.

    3.    On or about July 5, 2017, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## MICHAEL KENNEDY,

in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency of the executive branch of the United States, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, that is, he stated during an interview with an agent of the FBI that Police Officer No. 1 "took twenties" from Room No. 2, knowing such statement to be false, when as defendant KENNEDY then knew, Police Officer No. 1 never "took twenties" or any cash from Room No. 2.

    In violation of Title 18, United States Code, Section 1001(a)(2).

8

## COUNT FOUR
## (False Statement)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 20 of Count One are incorporated here.

2. In the FBI's investigation, it was a material matter how defendant MICHAEL KENNEDY handled or disposed of any cash he found in Room No. 2 during the search on or about October 13, 2016.

3. On or about July 5, 2017, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MICHAEL KENNEDY,**

in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency of the executive branch of the United States, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, that is, he stated during an interview with an agent of the FBI that he gave cash he found in the room, a "couple of twenties" or otherwise, to Police Officer No. 1 to take to the common area, knowing such statement to be false, when as defendant KENNEDY then knew, defendant KENNEDY never gave any cash that he found in the room to Police Officer No. 1.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FIVE
## (False Statement)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 20 of Count One are incorporated here.

2. In the FBI's investigation, it was a material matter as to where and by whom "buy money" was recovered during the search on or about October 13, 2016.

3. On or about July 5, 2017, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MICHAEL KENNEDY,**

in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency of the executive branch of the United States, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, that is, he stated during an interview with an agent of the FBI that Police Officer No. 1 gave him the recovered "buy money at that time," knowing such statement to be false, when as defendant KENNEDY then knew, Police Officer No. 1 never gave the "buy money" to defendant KENNEDY.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SIX
## (False Statement)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 20 of Count One are incorporated here.

2. In the FBI's investigation, it was a material matter as to how defendant MICHAEL KENNEDY handled or disposed of any cash he found in Room No. 2 during the search on or about October 13, 2016.

3. On or about July 5, 2017, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MICHAEL KENNEDY,**

in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency of the executive branch of the United States, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, that is, he stated during an interview with an agent of the FBI that he put the money from his clothing pocket "on the main table out where we were collecting everything [] in the common area . . . .," knowing such statement to be false, when as defendant KENNEDY then knew, defendant KENNEDY never submitted the money he put in his clothing pocket into the evidence inventory in the common area.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SEVEN
### (Obstruction of Justice)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 20 of Count One are incorporated here.

2. Between on or about July 5, 2017, and on or about August 2, 2017, defendant MICHAEL KENNEDY spoke via telephone to Police Officer No. 1 and told him what defendant KENNEDY had stated to the FBI, in an effort to have Police Officer No. 1 withhold truthful information and corroborate the false story that defendant KENNEDY had told to the FBI. Defendant KENNEDY spoke to Police Officer No. 1 on more than one occasion for this purpose and restated to Police Officer No. 1 each time what he had told the FBI.

3. In the course of these calls, Police Officer No. 1 agreed to back up the false statements that defendant MICHAEL KENNEDY had told the FBI, assuring defendant KENNEDY that "I got your back" and "don't worry" about it.

4. Defendant MICHAEL KENNEDY caused Police Officer No. 1 to withhold from the FBI the fact that Police Officer No. 1 did not observe and was not a witness to defendant KENNEDY's conduct during the search of Room No. 2, and instead to communicate false information that Police Officer No. 1 observed defendant KENNEDY remove cash from his clothing pocket and place the cash on a table where evidence was being collected.

5. From on or about July 5, 2017 to on or about August 2, 2017, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MICHAEL KENNEDY**

knowingly and corruptly persuaded, and attempted to corruptly persuade, Police Officer No. 1, known to the grand jury, by telling Police Officer No. 1 what to say when interviewed by law

enforcement officers of the United States, that is, investigators of the Federal Bureau of Investigation (FBI), who were investigating defendant KENNEDY's conduct during the search of the Collins Street Apartment on or about October 13, 2016, with the intent to hinder, delay, and prevent the communication to the FBI of information relating to defendant KENNEDY's commission of a Federal offense, that is, his false statements to the FBI, in violation of Title 18, United States Code, Section 1001(a)(2), described in Counts One through Six.

In violation of Title 18, United States Code, Section 1512(b)(3).

# COUNT EIGHT
## (Conspiracy)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 20 of Count One are incorporated here.

2. From on or about July 5, 2017 to on or about August 2, 2017, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## MICHAEL KENNEDY

conspired and agreed, together with Police Officer No. 1, known to the grand jury, to commit an offense against the United States, that is, to make materially false, fictitious, and fraudulent statements and representations to investigators of the Federal Bureau of Investigation (FBI), in violation of Title 18, United States Code, Section 1001(a)(2).

## MANNER AND MEANS

It was part of the conspiracy that:

3. Defendant MICHAEL KENNEDY told Police Officer No. 1, on more than one occasion, the statements that defendant KENNEDY made to the FBI during his July 5, 2017 interview for the purpose of ensuring that Police Officer No. 1 would make similar statements to the FBI, knowing that they were false, during Police Officer No. 1's interview on August 2, 2017.

4. Police Officer No. 1 indicated his agreement by telling defendant MICHAEL KENNEDY that "I got your back" and not to worry.

5. Following the discussion with defendant MICHAEL KENNEDY, Police Officer No. 1 made false statements to the FBI for the purpose of corroborating and protecting

defendant KENNEDY from the investigation into the theft of cash during the execution of the search warrant at the Collins Street Apartment on or about October 13, 2016.

## OVERT ACTS

In furtherance of the conspiracy and to achieve its objects, defendant MICHAEL KENNEDY and Police Officer No.1 committed the following overt acts in the Eastern District of Pennsylvania.

1. Between on or about July 5, 2017 and on or about August 2, 2017, defendant MICHAEL KENNEDY spoke with Police Officer No. 1 by telephone and conveyed to Police Officer No. 1 the statements that defendant KENNEDY made to the FBI during his July 5, 2017 interview.

2. On or about August 2, 2017, prior to Police Officer No. 1's interview with the FBI, defendant MICHAEL KENNEDY again called Police Officer No. 1 and again told Police Officer No. 1 the statements that defendant KENNEDY made to the FBI during his July 5, 2017 interview.

3. On or about August 2, 2017, Police Officer No. 1 made false statements to the FBI to protect defendant MICHAEL KENNEDY.

4. On or about August 2, 2017, after Police Officer No. 1's interview with the FBI, defendant MICHAEL KENNEDY spoke with Police Officer No. 1 to confirm that Police Officer No. 1 had told the FBI a false version of events in order to protect defendant KENNEDY.

All in violation of Title 18, United States Code, Section 371.

[signature redacted]
**FOREPERSON**

*Jennifer Arbittier Williams*
**JENNIFER ARBITTIER WILLIAMS**
**ACTING UNITED STATES ATTORNEY**

No. _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

MICHAEL KENNEDY

## INDICTMENT

### Counts

18 U.S.C. § 1001(a)(2) (false statements to government officials – 6 counts)
18 U.S.C. § 1512(b)(3) (obstruction of justice – 1 count)
18 U.S.C. § 371 (conspiracy to make a false statement – 1 count)

_____
Foreman

Filed in open court this  Thirteenth  day,
of  April  A.D. 20 21

_____
Clerk

Bail, $ _____